ISAAC OWENS, SR., v. THE STATE.

No. 1322.    Decided November 22, 1911.

Rehearing denied December 20, 1911.

**1.—Murder—Charge of Court—Self-Defense—Other Parties.**

Where, upon trial of murder, there was no evidence that any other person than those mentioned in the charge of the court were doing any act by which the defendant could justify the killing, or that the defendant was acting in defense of another, there was no error in the court's failure to charge on such a state of facts.

**2.—Same—Charge of Court—Threats.**

Where, upon trial of murder, there was no evidence that any person had

made any threats against any person except the defendant and his son, there was no error in the court's failure to charge on such a state of facts.

**3.—Same—Charge of Court—Standpoint of Defendant.**

It is not necessary to repeat in the court's charge defendant's right to act upon a reasonable apprehension of danger from his standpoint.

**4.—Same—Argument of Counsel.**

Where the district attorney merely commented on the evidence in the case, there was no error; besides, there were no special requested instructions to withdraw the argument.

**5.—Same—Sufficiency of the Evidence.**

Where the evidence sustained a conviction of murder in the second degree, there was no error.

Appeal from the District Court of Leon. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*L. T. Dashiell, Wm. Watson,* for appellant.—Upon the question of the court's charge on self-defense: Alexander v. State, 7 S. W. Rep., 867; Williams v. State, 4 S. W. Rep., 64; Howard v. State, 5 S. W. Rep., 231; Fielding v. State, 87 S. W. Rep., 1044.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant, together with Isaac Owens, Jr., Mose Owens, and Bell Henry, were indicted by the grand jury of Leon County, charged with murder. The trial resulted in the acquittal of all the defendants except appellant, Isaac Owens, Sr., who was found guilty of murder in the second degree and his punishment assessed at five years confinement in the penitentiary.

The principal complaint in appellant's motion for a new trial is that the court erred in presenting the law of self-defense. The court charged the jury:

"You are further instructed, gentlemen, that a homicide is justified by law when committed under a reasonable apprehension of death or serious bodily injury, and a person acting under such reasonable apprehension of death or serious bodily injury is justified in using all the force that appears to him to be necessary to protect his life or person or the life or person of another, and it is not necessary that there should be actual danger, provided he acted upon a reasonable apprehension of danger as it appeared to him, viewed from his standpoint alone, at the time, and in such case, the party acting under such apprehension of danger, real or apparent, is in no event bound to retreat to avoid the necessity of killing his assailant.

"Now, if you believe from the evidence beyond a reasonable doubt

that the defendants killed the said William Lawrence, but you further believe that at the time of so doing the deceased either alone or acting together with Web Lawrence, Wes Lawrence and Dennis Lawrence, or either of them, had made an attack, or appeared to be about to make an attack on said defendants or either of them, which from the manner of it, and all the facts and circumstances surrounding the parties at the time, and the defendant's knowledge of the character and disposition of the deceased and of the said Web Lawrence, Wes Lawrence and Dennis Lawrence, caused them to have a reasonable expectation or fear of death or serious bodily harm, and acting under such expectation or fear the defendants killed the deceased, then you should acquit them; or if you believe from the evidence beyond a reasonable doubt that either of the defendants killed the said William Lawrence, but you further believe at the time of so doing the deceased, together with Web Lawrence, Wes Lawrence and Dennis Lawrence, or alone, had made an attack or appeared to be about to make an attack on him or either of said defendants, which, from the manner of it, and all the facts and circumstances surrounding the parties at the time, and the defendants' knowledge of the character and disposition of the deceased and of the said Web Lawrence, Wes Lawrence and Dennis Lawrence, caused him to have a reasonable expectation or fear of death or serious bodily injury to himself or either of the other defendants, or any other person present, and acting under such expectation or fear, the said defendant killed the deceased, you should acquit him. And if the deceased was armed, or either the said Web Lawrence, Wes Lawrence or Dennis Lawrence was armed at the time, and was making such attack on said defendants or other person or all together were making such attack, and if the weapon or weapons used by him or them and the manner of its use or their use was such as was reasonably calculated to produce death or serious bodily injury, then the law presumes that the deceased and the said Dennis Lawrence, Wes Lawrence and Web Lawrence intended to murder the defendants, or intended to inflict on them serious bodily injury. . . .

"In this case you are further instructed that if you believe from the evidence that the deceased had made threats to take the life of Isaac Owens, Jr., or Isaac Owens, Sr., or against their lives, or the life of either of them, and the deceased, at the time of the homicide, if any, by some act then done, manifested an intention to execute the threats so made, then the homicide would be justified and you should acquit the defendants, or if you believe that Dennis Lawrence or either of said parties, Wes or Web Lawrence, had made threats to take the life of Isaac Owens, Sr., or Isaac Owens, Jr., or against their lives or the lives of either of them, and it appeared to the defendants at the time of the killing of the deceased, if any, that Dennis Lawrence and William Lawrence, Wes Lawrence and Web Lawrence were acting together, or either of them alone, and by

some act then done, manifested an intention to execute the threats so made, then the homicide would be justified and you should acquit the defendants."

The first contention is "that it restricted defendant's right to defend himself alone in case the deceased, either acting alone or together with Web Lawrence, Wes Lawrence and Dennis Lawrence, or either of them, made an attack upon him and his codefendant or either of them, or any other person present, or was about to make such attack, when the law gives him the right to defend himself and his codefendants or any other person present against the attack of the deceased, Web Lawrence, Wes Lawrence or Dennis Lowrence, or any or either of them, whether said deceased was making such attack or threatened attack or not, provided he was present and viewed from the standpoint of defendant appeared to be one of the attacking party." We can hardly understand what the objection really means, but if it is intended to say that the defendant had the right to defend on account of the conduct of any person other than the deceased, Web Lawrence, Wes Lawrence and Dennis Lawrence, then there is nothing in the evidence on which to base the objection, for there is no suggestion that any other person was doing any act by which the defendants could justify the killing. If it is intended to maintain that if the persons named were attacking, or appearing to be attacking some person other than the defendants, defendant would have the right, there is no basis in the evidence for such contention.

The next criticism is that the charge is "too restrictive in limiting defendant to defend himself against the apparent intention of the deceased to execute his threats, if any, in case deceased had threatened to take the life of defendant or Isaac Owens, Jr., when the law gives him the right to defend himself against such threatened attack if the deceased and all or any of the other parties above named, by some act then done, viewed from defendant's standpoint, manifested an intention to execute such threats, whether such threats were to take the life of defendant or Isaac Owens, Jr., or either of them, or to inflict on them some serious bodily injury." There is no suggestion in the record that any person had made any threats against any person except the defendant and that of his son, Isaac Owens, Jr., and these threats as testified to by defendant and his witnesses were to take the life of one or the other of these two and no other person, and the testimony of defendant would indicate that deceased was seeking to take life, for he says deceased first fired with a shotgun twice and then four times with a pistol. The charge, as a whole, is as favorable to defendant as one could have well been framed.

The next criticism is that the charge does not present self-defense as viewed from the standpoint of defendant. In the first paragraph of the charge herein copied it will be seen that the court instructed the jury that the defendant had the right to act upon a reasonable apprehension of danger as it appeared to him, viewed from his stand-

point alone at the time. It was not necessary to repeat this in every paragraph of the charge. Under the evidence in this case the court presented every theory of the defendant's defense in these paragraphs in so far as his plea of self-defense is concerned.

Another ground of the motion is that the court failed to give the following special charge requested by defendant: "In this cause you are charged by the court at the request of counsel for the defendant that the following remarks of the district attorney in his argument, to wit: 'Has it come to the point where a negro murderer will be acquitted in Leon County, because a white man will get upon the stand and perjure himself by swearing that he heard a six-shooter or a monkey-wrench, in his saddle-bags' were improper, and you will not consider said remarks in your deliberations on this case." In approving this bill the court says: "This bill is approved with the explanation that it was in critcism of a witness who testified that the deceased rode by him on the day of the homicide and had something in his saddle-pockets that sounded like a pistol or a monkey-wrench." As thus qualified, it appears that the district attorney was merely commenting on the evidence.

As to the other remarks of the district attorney, complained of in the motion for a new trial, no special charge was requested in regard thereto, and they were not such as would be calculated to inflame a jury, or be injurious to him. In the absence of instructions being requested, this court has in numerous cases held it would not review these matters unless such remarks were flagrantly abusive or improper.

These are all the grounds in the motion, except one alleging the insufficiency of the evidence. There was a sharp conflict in the evidence. The State's evidence would make a strong case against appellant, while the testimony offered in his behalf shows extenuating circumstances, and if all of his testimony had been believed by the jury, he would have been acquitted, but inasmuch as appellant was walking around in the road with his Winchester gun in his hand before deceased appeared on the scene, and had just said, if a witness is to be believed, that "he was going to kill the d——n s——n of a b——h," meaning deceased, we will not disturb the verdict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 20, 1911.—Reporter.]