## MANUEL GARCIA v. THE STATE.

No. 4509.   Decided June 6, 1917.

**1.—Theft—Statement of Facts—Practice on Appeal.**

Where, upon appeal from a conviction of theft, the record showed that the indictment was regular, exceptions to the charge of the court and the evidence can not be considered on appeal, in the absence of a statement of facts. Following Ruiz v. State, 48 Texas Crim. Rep., 470.

**2.—Same—Motion for New Trial—Misconduct of Jury.**

Where the bill of exceptions alleging misconduct of the jury was filed subsequent to the adjournment of the court at which defendant was tried, the same can not be considered under an assignment in the motion for new trial. Following Black v. State, 41 Texas Crim. Rep., 185, and other cases. Besides there was no error, if considered.

Appeal from the District Court of Jim Wells.   Tried below before the Hon. V. W. Taylor.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Roberts v. State, 150 S. W. Rep., 627; Knight v. State, 144 S. W. Rep., 967, and cases cited in opinion.

MORROW, JUDGE.—Under an indictment for theft appellant's conviction condemned him to two years confinement in the State penitentiary.

The record is without a statement of facts.   The indictment is regular.   There are some exceptions to the court's charge which, in the absence of a statement of facts, we must assume were not well taken. Vernon's C. C. P., art. 743, p. 521, sec. 56; Ruiz v. State, 48 Texas Crim. Rep., 470, and other cases listed in the note mentioned.

A bill of exceptions, purporting to preserve evidence on an assignment in the motion for new trial charging misconduct of the jury, is in the record.   It seems to have been filed subsequent to the adjournment of the term of court at which appellant was tried, and for that reason, under the ruling in Black v. State, 41 Texas Crim. Rep., 185, can not be considered.   For other cases to the same effect see Tarleton v. State, 62 S. W. Rep., 748; Reinhard v. State, 52 Texas Crim. Rep., 59; Probest v. State, 60 Texas Crim. Rep., 608; Williams v. State, 56 Texas Crim. Rep., 225.   We have read the bill, however, and if it was in condition authorizing its consideration we would not hold that the trial court erred in its ruling.

The judgment of the lower court is affirmed.

*Affirmed.*