# NOVEMBER, 1918

### AUSTIN ALEXANDER V. THE STATE.

#### No. 5056.   Decided November 6, 1918.

**1.—Murder—Misconduct of Jury—Newly Discovered Evidence—Motion for New Trial.**

Where the motion for new trial alleged misconduct of the jury and newly discovered evidence, and the statement of facts adduced on the hearing of said motion were filed after the adjournment of the court, as were also the bills of exception, the same can not be considered on appeal. Following Probest v. State, 60 Texas Crim. Rep., 608, and other cases.

**2.—Same—Motion for New Trial—Practice on Appeal.**

Where the State takes issue with the accused, upon the truth of cause set up in his motion for new trial, and the court hears evidence thereon and overrules the motion, his decision is conclusive, unless the matter is properly brought up for review.

**3.—Same—Newly Discovered Evidence—Rule Stated.**

Where the alleged newly discovered evidence is of an impeaching character it does not come within the rule.

**4.—Same—Misconduct of Jury—Impeaching Verdict.**

Where the alleged influences affecting the juror are of a character not justifying the impeachment of the verdict, they can not be considered. Following Turner v. State, 61 Texas Crim. Rep., 97.

Appeal from the District Court of Rusk. Tried below before the Hon. Daniel Walker.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Futch & Tipps,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was indicted for the murder of Chester Matthews, convicted of manslaughter and punishment assessed at three years confinement in the State penitentiary.

The fact that appellant shot and killed deceased is conceded, shown by his own testimony. The evidence is conflicting as to the incidents of the homicide. Appellant and deceased were both negroes, and the evidence is conclusive that the difficulty arose over a dollar, which appellant claims belonged to him and which the deceased threw on the ground, telling appellant to take it, and that when appellant stooped to pick it up he was attacked by deceased with a knife and was thrown down upon the ground and that deceased's brother joined in the attack, and that the shots were fired in self-defense. Appellant received several wounds which he claimed were received in the fight, but which from the State's standpoint were inflicted by the brother of deceased after the shooting.

The State's theory and testimony tended to show that deceased and appellant were engaged in playing "craps" for money and that a quarrel arose, that appellant in the quarrel put his hand in his bosom as though to draw a weapon, that deceased caught hold of him and while standing appellant fired one shot which struck deceased and in the struggle which followed fired three others which took effect.

The defendant's theory of self-defense was fairly submitted to the jury in the court's general charge and in special charges requested by appellant and we regard the evidence as entirely sufficient to support the verdict of manslaughter.

Appellant sought a new trial upon the ground that the evidence did not justify the verdict, misconduct of the jury and newly discovered evidence. The misconduct consisted in the alleged fact that the juror Baxter was influenced to agree to the verdict of guilty against his judgment by two facts: first, that appellant owed a relative of the juror a debt and one of the jurors goaded him into the agreement advancing the idea that otherwise he would be subjecting himself to the criticism of having been influenced by a desire to save his relative from loss of the debt; second, that in the argument which took place in the jury room one of the jurors stated that appellant's attorneys had represented another negro in a different case who had been sentenced to four years confinement in the penitentiary when the crime justified a much heavier sentence; and further in the alleged fact that the juror Harrison was sick and was influenced to render a verdict of guilty against his judgment by his desire to escape the discomforts of the jury room while he was sick. The newly discovered evidence consisted in the allegation that several of the witnesses who had testified to damaging facts had, in conversations out of the court, made statements and admissions con-

flicting with their testimony given upon the trial. There were affidavits attached to the motion supporting the ground stated.

From the order. of the court overruling the motion for new trial it affirmatively appears that the facts alleged in the motion were controverted by the introduction of evidence; that six of the jurors who tried the case, among them the juror Baxter, testified. We find copied in the record several bills of exceptions seeking to bring before this court the testimony thus adduced. The term of court at which the conviction took place expired on the 9th day of February and the bills of exceptions mentioned were filed the 30th of April following. The court entered an order extending the time of filing bills after adjournment. This court held in the case of Black v. State, 41 Texas Crim. Rep., 185, that facts adduced on hearing of motion for new trial could be considered only in the event they were verified and filed during the term of court at which the conviction took place and that the provisions of the statute permitting statements of fact and bills of exception to be filed after the expiration of a term had no application to those relating to the hearing of a motion for new trial. This construction has been adhered to without deviation. Probest v. State, 60 Texas Crim. Rep., 608; Garcia v. State, 81 Texas Crim. Rep., 456, 196 S. W. Rep., 181; Sanford v. State, 79 Texas Crim. Rep., 346, 185 S. W. Rep., 22.

Article 841 of the Code of Criminal Procedure permits the State to take issue with the accused upon the truth of causes set up in a motion for new trial and when this is done the court hearing evidence and deciding against the accused upon the truth of the allegations in his motion, his decision is conclusive on this court unless the evidence upon which the trial judge acted in overruling the motion is in a legal manner brought to this court for review.

If the evidence heard by the judge who tried the case, as set out in the bills filed too late, could be considered we think it would not justify a disturbance of his finding. The alleged impeaching statements of witnesses are generally treated in the decisions of this court as insufficient to require a reversal on the ground of newly discovered evidence. See Branch's Ann. P. C., sec. 202, and cases collated.

Some of the alleged influences which are referred to in the motion as affecting the juror Baxter are of a character not justifying impeachment of the verdict. See Turner v. State, 61 Texas Crim. Rep., 97.

The judgment is affirmed.

*Affirmed.*