HARWOOD TURNER v. THE STATE.

No. 13269. Delivered April 23, 1930.
Motion to reinstate granted May 14, 1930.
Reported in 28 S. W. (2d) 171.

610

The opinion states the case.

*T. S. Alexander* and *W. H. Browning,* both of Lampasas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor; penalty, one year in the penitentiary.

The transcript shows that appellant is at large under a recognizance but such instrument is not shown in the transcript. Because of this the State's Attorney moves this Court to dismiss the appeal. Where the appellant is at large under a recognizance, same should be shown in the record, since a legal one is necessary in order to confer jurisdiction on this Court. Barnaby v. State, 99 Tex. Crim. Rep. 159; Notes under Art. 817, Vernon's C. C. P. (1925).

The State's motion is granted and the appeal dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE.

MARTIN, JUDGE.—The record having been perfected, the appeal will be reinstated and considered on its merits.

The substance of the State's testimony, as given by the Sheriff of Lampasas County, is to the effect that he saw a couple of men drinking beer and stopped and investigated it and observed the appellant running back through the brush towards his camp. He

found some fifty or sixty bottles of beer, some of it on ice, at a point where he had observed the appellant standing. This was about thirty or thirty-five feet from the tent of appellant. A trail led from his camp to where he found the beer. He also found a bottling outfit about fifteen feet from appellant's tent. It is further shown that some of appellant's witnesses had drunk this beer and pleaded guilty to being drunk.

The identity of the appellant as the man in possession of the beer in question was a contested issue, it being claimed by appellant that the beer belonged to one Marshall Turner, who was the party seen by the Sheriff. The facts shown here presented an issue as to this which has been resolved by the jury against appellant and we are not authorized to disturb its findings.

No bills of exception appear in the record.

As grounds for a new trial appellant alleged newly discovered evidence and attached thereto affidavits in support of same. Without consuming space in its recital, suffice it to say that the showing made by appellant is fatally defective in three particulars. (1) The newly discovered evidence was cumulative only of that produced for appellant on the trial and its production would only add proof of circumstances of the same general character. Howe v. State, 77 Tex. Crim. Rep. 108; Garza v. State, 65 Tex. Crim. Rep. 476; De Lerosa v. State, 74 Tex. Crim. Rep. 604; Shultz v. State, 5 Tex. Crim. App. 390; Vernon's C. C. P. (1925), Art. 753, Note 32, for full collation of authorities. (2) While the motion sets out that it was discovered since the trial, the diligence which was used to discover same prior to the trial is nowhere alleged nor shown. It has been stated: "It should be made clearly to appear that the defendant was ignorant of the existence of the evidence at the time of the trial, and that such ignorance was not the result of a want of diligence on his part to discover it." Robinson v. State, 15 Tex. 311; Walker v. State, 3 Tex. Crim. App. 70. And further: "If diligence to discover the evidence before the trial be not shown, good excuse for the want of such diligence must be shown." Simms v. State, 1 Tex. Crim. App. 627; Johnson v. State, 2 Tex. Crim. App. 456; Vernon's C. C. P. (1925), Art. 753, Note 28, for full collation of authorities. Also Note 9, Art. 756, Vernon's C. C. P. (1925), which cites Taylor v. State, 99 Tex. Crim. Rep. 7; Behrens v. State, 99 Tex. Crim. Rep. 56; Gibbs v. State, 99 Tex. Crim. Rep. 186. (3) The order overruling the motion for new trial recites that "evidence was heard" thereon and such evidence has not been

brought up in the record. Under such circumstances it will be presumed that the evidence heard by the Court on such motion supported his action. Alexander v. State, 84 Tex. Crim. Rep. 185; Taylor v. State, 88 Tex. Crim. Rep. 470; Art. 757, Vernon's C. C. P. (1925), Note 9, for full collation of authorities.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.