### CARL C. McFARLAND V. THE STATE.

No. 22868. Delivered June 7, 1944.
Rehearing Denied October 11, 1944.

470

The opinion states the case.

*Jerry D'Unger*, of Corpus Christi. for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of two years in the penitentiary on a charge of assault to murder.

The victim of the alleged assault was appellant's wife. They had been estranged for some time but at the time of the alleged offense had been together on what appears to have been a drinking jaunt which ended at the home of appellant's mother. When they arrived at the house, the wife went inside but appellant remained at or near his automobile. From the conflicting evidence as to what took place, it appears that the mother of the wife came to the scene of the difficulty in the yard with a single barrel shot gun in her hand. Following a struggle with the gun, the mother was dead from a gunshot wound. According to the State's theory, this was done deliberately by appellant, who next turned to his wife, cursed her, and declared his intention to kill her and struck her a heavy blow on the head with the barrel of the gun. A physician was called, who testified that he examined appellant's wife and found a deep laceration at the base of her brain. The evidence sustained the conviction.

Appellant seeks a reversal of this case because of two bills of exception, one of which complains of the failure of the court to grant him a new trial because of newly discovered evidence. Evidence was offered as to the condition of the gun, in which it was stated that, among other things, the barrel was bent. This was given to corroborate the testimony of Mrs. McFarland that her husband struck her with it. After the trial, a brother of appellant executed an affidavit which was attached to the motion for new trial in which he told of a visit to the home of appellant's mother-in-law at a previous date when he saw the gun and knew that the barrel was bent long prior to the date of the alleged assault. It is urged this evidence is important but the importance of it need not be discussed, for we find it also contradicted in the evidence given by appellant who testified that the gun did not have a bent barrel before the altercation, and that he did not know how it came to be bent. If the evidence thus conflicts with that important, positive statement by appellant, he could hardly hope to attain a different result in the trial of a case by having it made available.

Bill of Exception No. 2 complains of the action of the court in placing him to trial on the charge of assault to murder, which was numbered 6727, instead of first being tried on a charge for the murder of his wife's mother, which was Cause No. 6728. There is nothing in the record to show that the murder case was

first set for trial or that the court did not call the cases in their regular order. Further consideration of the question is precluded by the fact that appellant filed no motion for continuance of the case for which he was put on trial and does not, in fact, set out any grounds for his contention that a different result might have been attained had he been first tried on a charge of murder and obtained a verdict of acquittal. As the record is before us, his Bill of Exception No. 2 presents no question for our consideration with that degree of certainty which requires further discussion.

Finding no error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed quite a lengthy motion for a rehearing in which he earnestly contends that we erred in our original opinion by sustaining the trial court in overruling his motion for a new trial based on newly discovered evidence. The testimony claimed to be newly discovered is to the effect that Joseph Clifford McFarland, a brother of appellant, would testify, if a new trial were granted, that about two years prior to the time of the alleged offense he was at the home of J. H. Atwell, at which time he saw the gun with which the alleged offense was committed, and he then noticed that the barrel of it was bent. The purpose of this evidence would be to controvert the testimony of J. H. Atwell and the officer and also that of the injured party relative to the condition of the gun. Appellant, who used the gun in killing his mother-in-law and then struck his wife on the head with the barrel of it, testified in his own behalf but did not claim that the barrel of the gun was bent before he shot at his mother-in-law. Consequently, the court was justified, from all the evidence before him, in reaching the conclusion that the claimed newly discovered evidence was probably not true. In 31 Tex. Jur. p. 284, sec. 84, the rule is stated as follows:

"The probable truth of the newly discovered evidence is an indispensable requisite to the granting of a new trial upon the ground here under consideration. Stated in another way, the rule is that a new trial on the ground of newly discovered evidence will be denied if it appears from facts proved at the trial, or from controverting affidavits, or otherwise, that the new evidence probably is not true. The probable truth of the new evidence is primarily a question for the trial court, and its con-

clusion will be disturbed only when an abuse of discretion is shown."

See also Carpenter v. State, 129 Tex. Cr. R. 397; Burns v. State, 12 Tex. Cr. App. 269; Mims v. State, 88 Tex. Cr. R. 419.

Furthermore, it seems to be an established rule in this state that the failure to discover the alleged new evidence prior to the time of trial must not be due to want of proper diligence. In the instant case, the appellant, in his motion for new trial, did not state any facts as to diligence exercised by him, if any, but contented himself with the statement of conclusions; nor does he show that this evidence, if it existed, could not have been obtained from some other source, that is, from neighbors or friends of Atwell, or that he ever interviewed any of them with such object in view.

In the case of Turner v. State, 115 Tex. Cr. R. 609, the court, among other things, made the following observation:

"While the motion sets out that it was discovered since the trial, the diligence which was used to discover same prior to the trial is nowhere alleged nor shown."

See also Johnson v. State, 2 Tex. Cr. App. 456.

Whether proper diligence was exercised is a question of fact to be determined by the trial court, and this court will not ordinarily disturb the trial court's conclusion unless it clearly appears from the entire record that he abused his discretion to the prejudice of the appellant. See Coleman v. State, 108 Tex. Cr. R. 323, and authorities there cited.

Believing that the case was properly disposed of on the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.