## FRED L. MCFARLAND V. THE STATE.

No. 23343. Delivered June 19, 1946.
Rehearing Denied October 23, 1946.

The opinion states the case.

*Grady Sturgeon,* of Paris, and *Oscar Callaway,* of Comanche, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Murder is the offense; the punishment, twenty years' confinement in the penitentiary.

That appellant killed Garland Powers by stabbing him in the region of the heart with an ice pick is not disputed. The disputed issues of fact were whether the killing was in self-defense and with malice.

We will state only such of the facts as are deemed necessary for a determination of the questions presented for review.

Appellant and his wife operated a small cafe known as the "Cozy Inn" at Brownwood. The cafe was operated chiefly by the wife. Deceased was a soldier in the army and was stationed at Brownwood and, for some time prior to the killing, had been paying attention to and keeping company with the wife of appellant. Such conduct appears to have been the immediate cause of the killing. About one o'clock on the morning of Sunday, July 15, 1945, deceased was seated on a stool at the counter in the cafe when, according to the State's witness Mitchell, appellant entered the cafe and advanced towards deceased, striking at him with his fist, at the time saying, "I told you to stay away from here." The State's witness Littlefield testified that he saw appellant enter the cafe, walk up to the deceased and "jab" or strike him in the region of the chest and stomach. Similar testimony was given by the State's witnesses Mitchell and Rutledge and the appellant's witness Matthews.

According to the testimony of the witnesses mentioned, appellant began the attack on the deceased. None of the witnesses mentioned testified that the deceased attacked the appellant.

Appellant, testifying as a witness in his own behalf, admitted that he went into the cafe for the purpose of making deceased leave the cafe and that, as he entered the cafe, he said to deceased, "Butch, I have told you to stay away from here," to which remark deceased replied, "That makes no difference." We quote from appellant's testimony as to what then happened, as follows:

"* * * he raised his arm to hit me and I ducked and he drove his arm through that front glass, and then he hit me in the stomach, and when he did that, I bent over this way, and I had an ice pick in my shoe, and when I *come* up, I *come* up with the ice pick and went to stabbing and scuffling, and he pushed me clear down to the door."

Appellant testified that he did not intend to kill the deceased.

Deceased died a short time later, just outside the cafe, from the effect of the wounds inflicted by the ice pick.

The wife of appellant did not testify.

There was testimony, undenied, that the deceased had, on the same night of the killing, attended a picture show with the wife of appellant and that on more than one prior occasion, appellant had complained—both to the deceased and to others—of deceased's conduct and attention to the wife.

It was the province of the jury to determine the disputed issues of fact, and to reject the appellant's defensive theories.

The pivotal question presented relates to what is termed newly discovered evidence.

Upon the hearing of the motion for new trial, evidence was introduced by way of affidavit of the witness Burdett, showing that the witness Littlefield did not see the difficulty but learned, for the first time some hours thereafter, of the killing. According to the newly discovered witness Burdett, then, Littlefield was not present at the killing and knew nothing about it until some time thereafter, and therefore his testimony as a witness to the killing was fabricated.

The State did not controvert the facts set forth in Burdett's affidavit.

No other testimony was heard upon the motion.

Ordinarily, newly discovered testimony which is impeaching, only, is not ground for a new trial, and the discretion of the trial court in refusing a new trial thereon will not be revised upon appeal. Branch's P. C., Sec. 202.

Exceptions, however, are recognized to the rule stated;

among these are cases where the newly discovered impeaching testimony is such as goes to the very foundation of and destroys the State's case—such as where there is shown a conspiracy between the injured party and another to bring about a conviction upon perjured testimony. Piper v. State, 57 Tex. Cr. R. 605, 124 S. W. 661. Also, in assault and rape cases where the State's case depends, alone, upon the testimony of the prosecutrix, newly discovered testimony impeaching the prosecutrix as to the guilt of the accused will warrant a new trial. Duncan v. State, 258 S. W. 182, 96 Tex. Cr. R. 433.

A discussion of authorities attesting the rule stated will be found in Hale v. State, 51 S. W. (2d) 611, 121 Tex. Cr. R. 364. See Altman v. State, 51 S. W. (2d) 359, 121 Tex. Cr. R. 263.

Applying the rules stated to the instant case, we find that here the State's case did not depend, alone, upon the testimony of Littlefield. The most favorable aspect that may be given to his testimony is that it supported the theory of the State and contradicted the appellant upon his theory of self-defense—that is, that the deceased made the first attack. It will be noted, also, that three other witnesses testified to the same effect. Though it be contended that Littlefield's testimony, alone, showed that appellant stabbed the deceased with an ice pick, the appellant, himself, admitted such fact in his testimony.

There is an absence of any testimony suggesting a conspiracy between Littlefield and any other person to bring about the appellant's conviction upon his perjured testimony.

In its final analysis, the newly discovered testimony was only of impeaching nature and did not come within any exceptions authorizing a new trial for newly discovered impeaching testimony.

We conclude, therefore, that the trial court did not abuse his discretion in overruling the motion for a new trial.

Appellant sought to have the jury instructed in accordance with the provisions of Art. 1220, P. C., justifying a homicide committed by the husband upon one taken in the act of adultery with his wife. The facts did not raise that issue, and the charge was properly refused.

Appellant insists in his brief before this court that he was entitled to a charge presenting the right to defend against an attack less than deadly, as provided by Art. 1224, P. C.

We have searched this record for any requested charge or exception to the court's charge raising this question, and find none. The question is not, therefore, before us.

Other matters appearing have been examined and overruled without discussion.

Finding no reversible error, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again insists that the trial court should not have limited his right of perfect self-defense by including in the charge to the jury a paragraph relative to provoking the difficulty. With this contention we are not in accord. The portion of appellant's own testimony quoted in the original opinion shows that prior to any attack by either the appellant or deceased, appellant approached the place where the deceased was sitting and said, "Butch, I have told you to stay away from here," to which deceased made a reply and struck at appellant, and a difficulty ensued in which deceased lost his life. Testimony of like character was given by other witnesses also with the exception of the fact that many of the further witnesses failed to testify that the deceased first attacked appellant. We are of the opinion that the testimony justified a charge on a provocation of the difficulty.

By Bill of Exception No. 8 complaint is made of the cross-examination of Abernathy Reeves and others who had testified to the good reputation of appellant. They stated that they had known him all of his life and that his reputation was good. The bill sets out that they were asked, "if they did not know that the defendant had killed a negro * * * in Lamar County"; and also that he had had a fight with one of his neighbors over a fence line, and that he and his wife had a fight and separated some eight or ten years prior thereto. In qualifying the bill the court says that he instructed the jury not to consider the question about the difficulty with his wife and, further, that the question which was asked Reeves and others was whether or not "they had *heard* about the purported incidents, and were not asked if they *knew*" about them. As thus qualified, the bill

does not show error. The case of Lee v. State, 182 S. W. (2d) 493, is definitely distinguishable. While a character witness may not be interrogated as to what he knows about other offenses, it is a proper inquiry to ask if he has heard about them.

We think the original opinion herein properly disposes of the question of newly discovered evidence relative to the witness Littlefield. Thus believing, we overrule the motion for a re-hearing.