BLAINE DYER v. THE STATE.

No. 8173. Decided January 9, 1924.

1.—Murder—Sufficiency of the Evidence—Death Penalty.

Where, upon trial of murder inflicting the death penalty, the evidence showed, aided by the confession of the defendant, that the murder was committed while defendant and another were engaged in burglarizing a store, and that the confession was corroborated to meet the requirements of the law, the judgment must be affirmed.—Following Banks vs. State, 85 Texas Crim. Rep., 166, and other cases.

2.—Same—Misconduct of Jury—Defendant's Failure to Testify.

Where appellant attached to his motion for a new trial an affidavit of one of the jurors in which it was said that after retiring to the jury room to deliberate upon the case, and after vote had been taken, there was a disagreement among the jurors as to the penalty which should be assessed in this case and a discussion of the confession which was introduced in evidence, one of the jurors mentioned the failure of the defendant to testify in his own behalf, but the record showed on appeal that there was no such discussion of the failure of appellant to testify as would require a reversal, there is no reversible error.—Following Leslie vs. State, 49 S. W. Rep., 73 and other cases.

3.—Same—Bill of Exceptions—Filing During Term Time.

Where the bill of exceptions, complaining of the overrvling of the motion for nevr trial on account of misconduct of the jury, was filed more than a month after the termination of the term of court at which the case was tried, the same cannot be considered on appeal.—Following Black vs. State, 41 Texas Crim. Rep., 185.

4.—Same—Bill of Exceptions—Practice on Appeal.

Where it is claimed that the facts of the instant case were such as to invoke the rule requiring this court to reverse the case because a meritorious bill of exceptions was denied the appellant without fault or laches on his

part, but the record showed by the trial judge's qualification of the bill a want of diligence of appellant to present his bill to the trial judge and obtain a ruling thereon before final adjournment of the Court, there is no reversible error.—Following Riojas vs. State, 36 Texas Crim. Rep., 185, and other cases.

Appeal from the District Court of Dallas. ·Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*Homer Lee,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, and *Shelby S. Cox,* District Attorney, for the State.—On question of misconduct of jury: Coffman v. State, 73 Texas Crim. Rep., 310, and cases cited in opinion.

MORROW, Presiding Judge.—Appellant is condemned to suffer death for the murder of J. C. Gibson.

This is the substance of the two written confessions made by the appellant and introduced in evidence by the State: At the instance of Earnest Lawson, the appellant agreed to join him in burglarizing a certain store in the preparation of which a pistol, a pinch bar and a piece of spring were provided. Using these instruments at night time, the door of the store in question was opened by force. The appellant entered, taking with him two sacks in which it was intended to remove the stolen property. It was agreed that the appellant should enter the store and obtain the property while Lawson remained near the door to prevent instrusion and to kill, if necessary, any one who made an attempt to do so. Two police officers, observing that the store had been entered, approached it. Perceiving the discovery, the appellant attempted to escape through the back door. One of the officers went to the alley upon which that door opened. Appellant failing to open it, returned to the front or side door. In the meantime shots were fired. Upon reaching the door through which the entry was made, it was found that Lawson had departed and the deceased was lying on the sidewalk. Appellant followed and joined Lawson. He learned the next morning that the person killed was a police officer.

The stolen articles and the sacks in which they had been placed, were found, as were also the tools and the pistol used by Lawson.

There was introduced evidence of flight upon the part of the appellant when, at a subsequent time, his arrest was attempted.

The deceased, with the fatal wounds upon him, was found by his companion a few moments after the shots were fired. The deceased remarked: "They have shot me." An ambulance was called in which,

the deceased was taken to a sanitarium, but he died before reaching there.

From the evidence, independent of the confession, it is conclusive that the deceased came to his death by violence and that his assailants were engaged in burglarizing a store. The confession identified the appellant as one of those who took part in the offense, and revealed that the death of the deceased at the hands of Lawson was in furtherance of the common design formed and agreed to by the appellant and Lawson. The corroboration of the confession is sufficient to meet the requirements of the law. Kugadt v. State, 38 Texas Crim. Rep., 681; Aven v. State, 95 Texas Crim. Rep., 155, 253 S. W. Rep., 521. Upon the doctrine of principals and co-conspirators, appellant's guilt of the homicide is established by the evidence. If proof of express malice was necessary, the demand was met in the present case. Banks v. State, 85 Texas Crim. Rep., 166. One who committed murder in an attempt to commit burglary was within the purview of the statute defining murder in the first degree. See P. C. of 1911, Art. 1141, declaring that murder committed under certain named conditions or circumstances, or upon express malice, was murder in the first degree. That article as amended by the Acts of 1913, eliminated the degrees in the offense of murder and leaves with the jury the discretion to fix the penalty at death or confinement in the penitentiary for life or a term of years not less than four. See Stephens v. State, 93 Texas Crim. Rep., 164.

The appellant attached to his motion for new trial the affidavit of one of the jurors in which it is said:

"After retiring to the jury room to deliberate upon this case and after a vote had been taken, there was a disagreement among the jurors as to the penalty which should be assessed in this case, and discussion of the confession which was introduced in evidence, and one of the jurors mentioned the failure of the defendant to testify in his own behalf."

The record shows the presentation of the motion for new trial containing the affidavit mentioned and an exception to the action of the court in overruling the motion. This presents for review the question whether on the phase of the motion, including the affidavit of Johnson attached thereto, the court had the discretion to refuse a new trial. The statute according one accused of crime the right to testify in his own behalf declares that his failure to so testify shall not be taken as a circumstance against him nor shall the same be alluded to or commented upon by counsel in the cause. C. C. P. Art. 790. Violations of the mandatory provisions of this statute have uniformly been held, where properly presented on appeal, to render a reversal imperative. See Vernon's Tex. Crim. Stat., Vol. 2, Art. 790, p. 716, note 29, and cases cited thereunder; also Supplement of 1922 of the same article, p. 2576, note 29; Haley v. State, 84 Texas Crim. Rep.,

629. When one accused of crime does not testify in his own behalf, the jury is obviously aware of that fact, and the mere mention of it in their retirement is not in every case, a ground for reversal. Discussing a remark similar to that revealed by the affidavit of Johnson in the present case, this court has said:

"We do not think that mere allusion to the failure of the defendant to testify, coupled with the declaration that the defendant has a right to testify, authorizes a reversal in this case." (Leslie v. State, 49 S. W. Rep., 73.)

On a similar state of facts, a like holding has been made on many occasions. See Mason v. State, 10 Texas Court Rep., 901; Jenkins v. State, 49 Texas Crim. Rep., 461; Watson v. State, 82 Texas Crim. Rep., 305, 199 S. W. Rep., 1113; Taylor v. State, 88 Texas Crim. Rep., 470, 227 S. W. Rep., 679; Wilson v. State, 87 Texas Crim. Rep., 539; Cooper v. State, 72 Texas Crim. Rep., 267; Williams v. State, 33 Texas Crim. Rep., 136.

It seems clear that the fact revealed by the affidavit in the present case, namely, that "one of the jurors mentioned the failure of the defendant to testify in his own behalf" was, under the interpretation of the article of the statute in question, given by this court in the numerous cases mentioned, not such a transgression of the statute as would justify this court in reversing the judgment.

Appellant insists that his bill of exceptions should be considered and a reversal rendered upon it. The bill was presented to the trial judge and filed more than a month after the termination of the term of court at which the case was tried. The statutes require that such a bill of exceptions, in order to warrant consideration on appeal, must be filed during the term at which the case is tried. This was decided in Black's case, 41 Texas Crim. Rep., 185, rendered in 1899, which has been uniformly adhered to since that time. See Vernon's Texas Crim. Stat., Vol. 2, p. 536, note 19; also Supplement (1922), p. 2510, note 19.

It is claimed, however, that the facts of the present case are such as invoke the rule requiring this court to reverse the case because a meritorious bill of exceptions was denied the appellant without fault or laches on his part. That to secure the application of this rule in his favor, strict diligence is demanded, is illustrated by numerous decisions, among them being George v. State, 25 Texas Crim. App., 299; Riojas v. State, 36 Texas Crim. Rep., 185; Vickers v. State, 90 Texas Crim. Rep., 609.

In the bill of exceptions as submitted to the trial judge, it was stated that on presentation of the motion for new trial on the last day of the term, after reading the affidavit of Johnson, appellant introduced the juror Hawkins, who testified that before the final verdict "some one of the jurors said he wondered why the appellant's counsel did not put the accused on the stand in his own behalf" and that

another juror said the reason was, that appellant could not do himself any good.''

The bill further stated that counsel for the appellant requested the court to defer consideration of the motion for a short time until Johnson (the juror whose affidavit was attached) could attend court; that this the court declined to do, and at once overruled the motion, entered notice of appeal and adjourned court for the term without giving the appellant time in which to prepare a bill of exceptions incorporating the evidence heard on the motion for new trial and causing its filing during the term. The court did not approve the bill as written, but in qualifying it used this language:

''The defendant filed the affidavit of R. M. Johnson, after announcing ready to take up the motion for new trial. The defendant then placed upon the stand the witness Hawkins, one of the jurors in this case. If the defendant asked the court to wait until Johnson, whose affidavit was filed could be brought into court, it escaped the attention of the court, and I presume his testimony would have been the same as his affidavit; at least, the defendant does not claim it would have been different.

''This bill of exceptions was not filed during the term at which the case was tried. That term adjourned June 30, 1923. After the court had heard the motion for new trial, and after the same had been overruled, the court immediately thereafter adjourned court. This was then between 3 and 4 o'clock Saturday afternoon of the last day of the term and the court having been trying murder cases for several weeks and being completely worn out, adjourned court. The defendant made no request for time in which to file bills of exceptions and made no request of the court not to adjourn or to allow them time to file exceptions to the court's action. No exception was taken to the court's adjourning. Again, the court finds as a matter of fact that there was no such discussion of the failure of the defendant to testify as would require this court to reverse this cause.''

If upon the court's announcement that he would overrule the motion and adjourn court, the appellant's counsel had requested him to defer action for a reasonable time in order to allow the preparation of a bill of exceptions or statement of facts embodying the evidence heard upon the motion for new trial, it is not improbable that the trial court would have granted it, or would, upon request, if made, have extended the term, if necessary, so that the facts might be embodied in the record for consideration on appeal. Had such a request been made and refused and the appellant thereby deprived of his bill of exceptions or statement of facts, the case would be different. That diligence would have required some such action seems manifest. In the case of George v. State, 25 Texas Crim. App., 242, Judge Hurt, writing the opinion had before him these facts: The court adjourned

96 T. C.—20

on the 18th of November. The statement of facts was presented to the district attorney on the 30th of that month, two days after the time allowed by law. The bill, unsigned, had previously been presented to the district judge on the 28th of November. No previous efforts had been made to secure its allowance. In refusing to consider the bill, the court used this language:

"Appellant complains that, without fault on his part, he has been deprived of his bill of exceptions. If a party be dissatisfied with any ruling or action of the court upon the trial, he may except thereto at the time the same is made, and at his request he shall be given time to embody such exceptions in a written bill. Refusal by the court to grant such time is error, but such error must appear to have prejudiced some right of the party to constitute it reversible error; and for the party to have such error revised by this court, he must at the time reserve his bill to the action of the court, in refusing him time to prepare his exceptions to the supposed erroneous ruling, action or opinion. If this bill is not allowed by the court, then he must appeal to the bystanders."

From the Riojas case, 36 Texas Crim. Rep., 185, we take the following quotation:

"Appellant presents to this court a bill of exceptions to the admission of certain evidence, signed and approved by the judge and filed after the expiration of the term. Accompanying the bill is the following explanation by the judge: 'This bill of exceptions was handed me within the time prescribed by law, and during the term of court at which the case was tried, but was in some manner misplaced, and it is a fact that the exception to the admission of the testimony was reserved by the defendant, through his counsel, at the time of the admission of the same; and the clerk of the District Court of Atascosa County is here now ordered to file the same as part of the record in this case, and transcribe same, making a certified copy of same, and all indorsements thereon, and forward same to Austin as a part of the transcript in said cause.' This bill cannot be considered. While it seemingly was neglect on the part of the judge not to approve and file the bill of exceptions, it was the duty of counsel to follow up this bill, and see that it was approved by the judge during the term, and filed with the clerk. This is statutory."

It will be noted that in qualifying the bill, the trial judge in the present case states specifically that he finds it as a fact that there was no such discussion of the failure of the appellant to testify as would require a reversal of the judgment. In fact, under the repeated decisions of this court, where the evidence touching what occurred before the jury is conflicting, it is the province of the judge trying the case to determine the truth. His decision will be binding upon this court unless upon the facts which were before him, properly brought before this court, it shall appear that the decision was

clearly wrong. In passing, we note that the bill of exceptions which was tendered by him and which is the only one relied upon by the appellant, does not state that the judge's finding was not based upon other facts besides those embraced in the bill. Assuming, however, that the bill embraced all the facts, it is conceived that it is neither the duty nor the privilege of this court, upon the record presented, to order a reversal of the judgment.

It is therefore affirmed.

*Affirmed.*