WILLIAM THOMAS WRIGHT, (ALIAS TOM WRIGHT), v. THE STATE.

No. 17888.   Delivered February 5, 1936.
Rehearing Denied (Without Written Opinion) March 4, 1936.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

Appellant was charged with the theft of an automobile of the value of more than fifty dollars. The State's case was made out by proof of the loss of the automobile, it being taken from the home of the owner in Fort Worth on the night of April 18, 1934, and its recovery at the hands of the police some two weeks later, and the further testimony of a negro that in the latter part of April, 1934, this appellant invited him, witness, to ride down town with him in his car. Witness complied and got in the car with appellant. Both of them were drinking. This witness further testified that after driving a short distance appellant drove into something that wrecked the car. He said that after the wreck appellant left the scene, but he did not know where he went. Witness waited around and was presently picked up or arrested by some one. He testified he never saw the car before appellant invited him to ride with him. Another witness for the State testified that he operated a street car, and on the night of the 21st of April, 1934, he was about seventy-five or a hundred feet from an underpass on Evans Avenue in Fort Worth when an automobile collided with some part of the underpass and wrecked the car. He further testified that appellant was driving the automobile at the time, and that a negro was riding in the front seat with him. Witness got out of his street car and went over to the scene of the wreck, and appellant held his hands over his face. Witness asked him if he was hurt, and he said no, but while witness was looking at the automobile appellant ran away. This witness further testified that a police officer came presently and took the negro away, but he saw nothing further of appellant who had gone. An officer testified that he arrested appellant on the 22nd day of April, 1934, not knowing at the time that he was the man who had wrecked the car out at the underpass, but found out shortly afterwards that he was. The identity of the car wrecked as that of the owner of the alleged stolen car was established. Appellant did not testify, but introduced some witnesses apparently for the purpose of trying to make it appear that the negro who was in the car with him at the time of the wreck, had stolen the car, if it was stolen. We think the evidence sufficient to support the conviction.

We find in the record but one bill of exceptions, which

makes complaint of the action of the court below in permitting the State in introduce in evidence parts of appellant's sworn application for continuance. We do not agree with appellant's contention that the introduction of this was erroneous. In the application appellant swore that he wanted the testimony of a Mrs. D. O. Knox, who was ill and unable to be present. He set out further in his application that the State would be forced to rely upon circumstantial evidence, and that they would attempt to show that this defendant was in possession of the alleged stolen car on the night of the 19th of April, 1934, between nine and ten o'clock on that evening at a certain point on Boaz Street in the city of Fort Worth, where it would be claimed said alleged stolen automobile was wrecked; that the defendant expected to prove by Mrs. D. O. Knox that he was in company with her at another and different place at the time mentioned, and was not and could not have been present at said time and place as the State contended, and could not have been in possession of said stolen car at the time and place above mentioned, which testimony would be highly important and material. Upon the trial Mrs. Knox appeared, and was introduced as a witness for the defendant, and testified that she was not with him on the night of April 19th between nine and ten o'clock, and knew nothing about where he was at that time. This being true, we think it material for the State to show the contents of said application for continuance to be false, and to use this as a guilty circumstance against the accused.

Appellant further complains because the State used and introduced in evidence another part of his application for continuance in which he swore that he expected to prove that the automobile in which he was seen on each and all of the occasions that the State would attempt to prove that he was in possession of the alleged stolen automobile,—was an automobile belonging to one Milton Wright. This was introduced by the State after appellant had introduced witnesses for the defense who testified they were with appellant in a car on the night of the alleged wreck, and that they came to a place in the city of Fort Worth where two negroes were having trouble with a car which they could not drive, and that one of these negroes left, and the other one asked appellant to help him fix the lights on the car of which said negroes were in possession, and after the lights were fixed asked appellant if he would get in the car with him and drive him to some place on Hemphill Street. These defense witnesses further testified that appellant

got out of their car and got in the car with the negro and drove away.

The plain defensive issue arising upon these facts was that appellant was driving a car with which he had no prior connection, and of which he knew nothing until he met the negroes mentioned, and at the invitation of one of them undertook to drive them in the car to some place on Hemphill Street,—and the further inference that this was the car which was wrecked. We think the sworn statement of appellant in his application for continuance above mentioned admissible in evidence to refute and contradict the testimony of appellant's witnesses just mentioned.

Believing no error was committed by the trial court in the introduction of the testimony mentioned, and there being no other contention in the record, the judgment will be affirmed.

*Affirmed.*