T. J. SIMMONS V. STATE.

No. 25277. April 25, 1951.
Rehearing Denied June 6, 1951.

Hon. Joe Burkett, Special Judge Presiding.

*Schlesinger, Goodstein & Semann,* San Antonio, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was given a sentence of five years in the penitentiary upon a jury verdict finding him guilty of murder.

T. G. Cruse and his wife were in the Gardenia Bar, in San Antonio, drinking beer. He left the table where they were sitting and left the bottle of beer in the custody of his wife. While the deceased was absent from the bar appellant, a stranger to them, came in, picked up the bottle of beer and, over the protest of the wife, took it to the bar and drank it. When the deceased returned to the bar room and learned that appellant had taken his bottle he approached appellant and requested that the

beer be replaced or paid for. While the conversation between them, according to the state's evidence, was quite brief, appellant refused to either pay for the beer or to replace it. Shortly thereafter the appellant left the room and took his place in his car near the door, apparently waiting for the deceased who came out a few minutes thereafter with his wife. As they emerged from the door appellant began shooting with a pistol and inflicted a wound which resulted in the death of Cruse within a very few minutes. This was just before the midnight hour. At about 3:30 A.M. he was arrested in his home, where he turned over the pistol to the officers. This is a summary of the state's evidence upon which the jury relied in finding its verdict.

The only complaint upon which a reversal is sought is found in appellant's bill of exception based on the refusal of the court to grant him a new trial. The record shows that the trial was had before Special Judge Joe Burkett, the judgment having been rendered on November 30, 1950, and signed by the Special Judge.

The amended motion for new trial was filed on December 11, 1950, and the record shows that it was heard, considered and overruled and sentence pronounced by the regular judge of the court, Hon. W. W. McCrory, on December 15, 1950.

The statement of facts in the hearing of the motion, which is in question and answer form, is not approved by anyone but bears only the certificate of the court reporter and the attorney. It cannot be considered both because of its form and because not approved as required by law.

The bill of exception relating to the matter contains a narrative statement of what purports to be the facts adduced upon the hearing of the motion for new trial, but this bill is approved by Special Judge Burkett and not by the judge before whom the evidence was adduced, according to the record. This bill is therefore not in condition to be considered.

The evidence relied upon by the state showed that appellant provoked a conflict between himself and the deceased; that he then left the bar room and waited in his car until the party came out and, without further provocation or warning, he shot until he had killed a man who had done him no harm. The jury believed that evidence, otherwise they would have found him not guilty. Having found him guilty on such evidence, we are impressed that they were quite modest in fixing the penalty.

Finding no reversible error, the judgment of the trial court is affirmed.

WOODLEY, Judge.

The transcript has been corrected so as to show that the motion for new trial was heard and overruled and sentence pronounced by Special Judge Joe Burkett, and not by the regular judge as shown in the transcript before us when the original opinion was delivered. The bill of exceptions relating to alleged jury misconduct will therefore be considered.

According to this bill appellant, in his motion for new trial, alleged that the verdict was influenced by new and additional testimony not heard on the trial which was given by one or more of the jurors during their deliberations.

The statements alleged to have been so made, in effect, were:

(1) that should the trial result in a hung jury the defendant would be set free and not tried again, and

(2) that a man could be given 5 years and, after a period of 18 months, be paroled.

From the testimony heard on the motion, it appears that one of the jurors made the statement that if the jury failed to agree the defendant would go scot free and never be tried again, and another juror disagreed and stated that in the event of a hung jury, the man might be tried again.

Also, a juror, according to some of the testimony, told a story to the effect that a man could get out on parole in 18 months if given a five-year sentence. One juror-witness testified that the 18 months parole was said with reference to a 2-year sentence.

Appellant relies upon the cases of Price v. State, 150 Tex. Cr. R. 161, 199 S.W. 2d 168, and Pena v. State, 137 Tex. Cr. R. 311, 129 S.W. 2d 667, as supporting his contention that the facts stated constitute jury misconduct and require reversal of the conviction for failure of the trial court to grant his motion for new trial on that ground.

In Pena v. State, supra, the assistant district attorney argued the indeterminate sentence and parole statutes, Arts. 775

and 775(a), Vernon's Ann. C.C.P., and the jury in their deliberations discussed the argument relative to the parole law.

In reversing the conviction because of the improper argument, this court said:

"We predicate our reversal on the improper argument. If the jury had discussed the subject in the absence of such arguments, a different question would have been presented."

In Price v. State, supra, the appeal was from a life sentence for murder, and it was shown that the foreman or some other member of the jury during their deliberations represented, in arguing for a life sentence, that if a lesser penalty was assessed, the defendant would be eligible for parole in a few years, but that such could not happen if the punishment assessed was for life.

In reversing this conviction the Pena case was cited, and we said:

"If state's counsel could not argue to the jury the effect of the indeterminate sentence law, certainly a member of the jury could not do so."

We think that a distinction may well be drawn between the argument of counsel and argument of jurors in the jury room in determining whether reversible error is shown, as pointed out in the opinion in Pena v. State, supra.

And the facts here may be distinguished from those in Price v. State, supra.

As we view the testimony, there were various expressions of opinions in the jury room regarding the effect of a hung jury. One juror said he would never be tried again, and another said that he could be re-tried.

Also, some juror said that a man could get 2 or 5 years and get out on parole in 18 months. They thereupon sought to have the trial judge advise them as to the parole law, which he properly declined to do.

The jury finally arrived at a verdict convicting appellant of murder without malice and assessing the punishment at 5 years in the penitentiary.

Unlike the attorney arguing for conviction, jurors profess no knowledge of the law governing indeterminate sentences and paroles. Here, they of necessity were discussing the matters among themselves and from the standpoint of their common knowledge.

So appraising their remarks, we are unable to say that their statements in the jury room were untrue. We know that many prosecutions which result in hung juries are not tried again, and we also know that many persons sentenced to prison for terms of 5 years are released in less than 18 months. These occurrences are matters of common knowledge.

Jurors should refrain from discussion of such matters in the jury room, and confine their deliberations to the evidence adduced on the trial, lest a fair and impartial verdict according to law be improperly influenced by irrelevant and prejudicial matters not relating to the guilt or innocence of the accused nor to the punishment to be assessed in the event of conviction.

In the absence of prejudice or harm to appellant, we cannot agree that the matters complained of require the setting aside of the verdict assessing a 5-year term, the evidence being such as would support a finding of malice and much greater punishment.

The motion for rehearing is overruled.

Opinion approved by the court.