J. B. NAPIER, JR. V. STATE.

No. 29,894. June 11, 1958

*Webb, Schulz & Stokes,* by *Aubrey D. Stokes,* San Angelo, for appellant.

*E. C. Grindstaff,* District Attorney, San Angelo, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated as a second offender; the punishment, 2½ years in the penitentiary.

The sufficiency of the evidence to sustain the conviction is not challenged. We have however, reviewed the same and find that it amply supports the verdict. The sole question presented for review is alleged jury misconduct. At the hearing on the motion, it was established that after the jury had agreed upon the guilt of the appellant and while they were considering the question of punishment, the foreman told his fellow jurors that if they assessed the punishment of two years in the penitentiary the appellant would have to serve about eight months of it. It was further shown that when the foreman made this statement another juror asked him if he was sure of what he had just said and he replied that he was not but that a policeman had once told him so, and some member of the panel said that it was the jury function to arrive at a verdict and not to consider how long the accused would have to serve.

Recently, in Roberson v. State, 160 Texas Cr. Rep. 381, 271 S.W. 2d 663, we had a similar situation except that in that case we had the benefit of evidence as to how the jurors stood on the question of punishment prior to the time the remark was made. In the case at bar we do not have such information. In Roberson, we said:

"Our primary concern is to determine whether or not the information which was received by the jury was untrue or was harmful to the appellant."

Attention should be called to the fact that since the rendition

of the opinion in Roberson v. State, the legislature repealed Article 775a, V.A.C.C.P., cited in that case, and adopted Article 781d (Adult Probation & Parole Law of 1957), Section 15 of which reads in part as follows:

"The Board is hereby authorized to release on parole with the approval of the Governor any person confined in any penal or correctional institution of this state * * * who has served one-third (1/3) of the maximum sentence imposed * * * *."

It will be seen from the above that the information which the foreman gave his fellow jurors was not "untrue" and therefore was not hurtful to the appellant.

It was further shown that after the jury had completed their deliberations and were preparing to come downstairs and report to the judge one of them asked if the Mrs. Napier who had run into a certain shop was the wife of the appellant. It was not shown that the question was answered and, since it was asked after the verdict had been agreed upon, could not have been harmful to the appellant.

No reversible error appearing, the judgment of the trial court is affirmed.