## NEFTALY DE LA ROSA v. STATE.

No. 29,891. June 25, 1958.
Appellant's Motion for Rehearing Overruled
October 29, 1958.
Appellant's Second Motion for Rehearing Overruled November 19, 1958.

*Frances G. Culhane* and *Cliff Tupper,* San Angelo, for appellant.

*Justin A. Kever,* District Attorney, San Angelo, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is rape by force; the punishment, forty-five years.

The evidence shows that appellant and three other young men forced the fifteen-year-old prosecutrix, whom they had never seen before, into a car, drove to an isolated spot and each in turn ravished and had carnal knowledge of her despite her resistance, three holding the girl while the fourth accomplished an act of intercourse with her against her will.

Reversal is sought upon two propositions, both relating to the overruling of appellant's motion for new trial.

The first proposition is that the jury considered unsworn testimony relating to parole and clemency.

Shortly after retiring, the jury sent a note to the trial judge which is set out in the court's answer in writing given to the jury in open court:

"Gentlemen of the Jury:

"In reply to your note 'Quickest possible time defendant would be eligible for parole under the following sentences?

1. Life   -----------------      2. 99 years  -----------------

3. 75 years  -----------------      4. 50 years  -----------------

5. 20 years  -----------------,

you are instructed that the Court cannot give you any information concerning the matters indicated; and further, you are instructed that in your deliberations in this case you will adhere strictly to the Charge heretofore given you and be governed thereby."

The evidence heard on the motion for new trial, if not undisputed, was such as to support a finding by the trial judge:

1. That the jurors voted guilty unanimously.

2. Thereafter some of the jurors questioned the length of time that defendant would be in the penitentiary if sentenced to a number of years and the note was sent to the judge.

3. None of the jurors professed to know the provisions of the law, but knew that it was common practice for prisoners to be released from the penitentiary prior to the expiration of the full calendar time which the jury assessed.

4. After being instructed by the court in answer to their inquiry, the matter was not further discussed.

Under the facts set out, we find no ground for reversal. Walker v. State, 150 Texas Cr. Rep. 421, 201 S.W. 2d 823; King v. State, 141 Texas Cr. Rep. 257, 148 S.W. 2d 199; Plasentilla v. State, 152 Texas Cr. Rep. 618, 216 S.W. 2d 187; Simmons v. State, 156 Texas Cr. Rep. 153, 239 S.W. 2d 625; Roberson v. State, 160 Texas Cr. Rep. 381, 271 S.W. 2d 663; Napier v. State, 166 Texas Cr. Rep. 361, 314 S.W. 2d 102.

The second proposition advanced by appellant is that the jury discussed and considered appellant's failure to testify.

The affidavit of Juror Ben O'Neal attached to appellant's motion for new trial states "During the course of our delibera-

tions, it was mentioned that he did not take the witness stand in his own behalf."

We do not think that this was a sufficient averment to raise the issue of Art. 710 V.A.C.C.P. being violated. If so, the testimony and affidavits of other jurors were to the effect that after all had voted guilty there was a casual mention of the fact that the defendant had not testified and the foreman immediately stated that such could not be considered for any purpose and it was not mentioned again.

Such a reference to appellant's failure to testify pleaded and shown does not establish that the jury considered appellant's failure to testify as a circumstance against him, or constitute ground for reversal. Powers v. State, 69 Texas Cr. Rep. 494, 154 S.W. 1020; Dyer v. State, 96 Texas Cr. Rep. 301, 257 S.W. 902; Low v. State, 156 Texas Cr. Rep. 34, 238 S.W. 2d 769; Branch's Ann. P.C., 2d Ed., Sec. 589.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant seems committed to the belief that any mention of parole or time off for good behavior on the part of a juror during their deliberations will call for a reversal of the conviction. An examination of the holding of this court in Roberson, 160 Texas Cr. Rep. 381, 271 S.W. 2d 663, Johnson v. State, 165 Texas Cr. Rep. 237, 305 S.W. 2d 606, and Napier v. State, 166 Texas Cr. Rep. 361, 314 S.W. 2d 102, will dispel such assumption. It is only where such discussion is an incorrect statement of the law that a reversal will be ordered. Jackson v. State, 157 Texas Cr. Rep. 323, 248 S.W. 2d 748.

In our original opinion herein, we failed to mention the testimony of juror Rawls in which he stated that "one of the jurors said it would be easier to reach a verdict or a decision if the defendant had taken the stand, words to that effect." He further testified that as soon as this remark was made he (Rawls) "immediately warned him that it could not be considered" and

that the subject was not again mentioned. In Low v. State, 156 Texas Cr. Rep. 34, 238 S.W. 2d 769, we pointed out that the question on appeal was not whether the jury commented upon the defendant's failure to testify but whether such "was taken as a circumstance against him" by said jury. We fail to find from the above that such occurred.

Remaining convinced that we properly disposed of this case originally, appellant's motion for rehearing is overruled.