MURLEE HENDERSON V. STATE

No. 31,464. February 10, 1960
Motion for Rehearing Overruled March 23, 1960

*W. S. Munson, Jr.,* Wharton, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge

The offense is murder; the punishment, 12 years.

Appellant and deceased lived near each other, and appellant had gotten the impression that deceased, a much younger woman, was having an affair with her (the appellant's) husband who was several years her junior. We quote in part from appellant's confession which was introduced without objection.

" * * * I just couldn't stand it and I talked to my husband about it and told him I was going to kill her, he tried to talk me out of it, but I was just so full of her I couldn't stand it. A little while later about a half hour I guess she came back by and I saw her coming, I had picked up my husband's pistol right after she had left before and had it with me and I had went over to my mother-in-law's when she came back by, my mother-in-law hollered at Sam Houston when she saw me and told him to catch me, I turned around and told Sam that if he touched me I would give him some of that pistol too and I pointed it towards him to more or less scare him back. We met about the edge of the road in front of our place and I told her I was tired of her agitating me and she kept coming at me and grabbed me and that is when I shot the first time * * *. I just got so fed up with her that I had to get this off of my chest and I feel better about it now."

We quote further from appellant's testimony at the trial: "Each time she came, she would just *tolerate* me to death." Recounting an occasion when deceased came to her filling station, appellant testified: "I had a thought to myself 'shoot that gas on her and throw a match.' " She testified about deceased's attentions to her husband: "If he would go out the back door, she met him, if he went out the front door, she met him." She stated further that her husband was buying deceased $20.00 shoes, while she got those costing only $6.95. She further testified on cross-examination that deceased was not bothering her when she shot her, that she saw the deceased coming back down the road, got her husband's gun and walked out in the road and

shot her, and admitted that she had been "living happy ever since."

Appellant's husband, testifying in her behalf, admitted a long course of intimacy with deceased and stated that deceased's husband had remonstrated with him about it.

Deceased's husband, testifying for the state, said that he knew of no infidelity on the part of his wife and had not spoken to appellant's husband about the matter.

This, we think, is a sufficient statement of the facts, and we shall discuss the contentions advanced by appellant's comsel by brief and in argument.

Bill of exception No. 1 complains of the failure of the court to sustain his challenge to the panel which was made after another murder prosecution against another accused had been called and the prosecution agreed, upon a plea of guilty, to recommend a ten-year sentence, partially because in the first case the accused had a good reputation and the deceased had a bad reputation.

We fail to perceive any injury to appellant from the above. Certainly, it is not a statutory ground for challenge. Appellant relies upon Rigsby v. State, 64 Tex. Cr. Rep. 504, 142 S.W. 901, where the court adjourned the prosecution of a liquor law violation to allow a prohibitionist to make a speech, which, as we see it, has no application to the case at bar. We further note that in the instant case the prosecution admitted that appellant bore a good reputation. We find no error in the bill.

Appellant next complains of the failure of the court to charge the jury under the terms of Article 223 V.A.P.C.

The only evidence upon which appellant relies for the giving of such a charge is appellant's testimony that she saw something brown in deceased's hand but did not know what it was and that after she got back home she noticed a cut place in her coat, plus the witness Reeves' testimony that after the homicide he found a paring knife near the scene. Such knife is not described in the record. The mere possession of a weapon is not sufficient to invoke the presumption. The same must be a deadly weapon, and the homicide must take place to prevent its use. De Vault v. State, 159 Tex. Cr. Rep. 360, 264 S.W. 2d 126,

and Booker v. State, 165 Tex. Cr. Rep. 44, 302 S.W. 2d 431. Appellant nowhere in this record testifies that she shot deceased to prevent an attack upon herself by deceased with a deadly weapon, and for this reason the cases upon which appellant relies have no application.

We overrule appellant's contention that the evidence is insufficient as a matter of law to support a finding that the homicide was actuated by malice. In Parks v. State, 131 Tex. Cr. Rep. 464, 99 S.W. 2d 943, upon which appellant relies, this court was careful to say:

"An re-examination of the evidence indicates that deceased for some unexplained cause may have entertained ill will towards appellant, *but the record fails to show that appellant ever entertained any such feeling towards deceased.*"

Such could certainly not be said of the facts in the case at bar. Ely v. State, 139 Tex. Cr. Rep. 520, 141 S.W. 2d 626, also relied upon by appellant, may also easily be distinguished upon the facts. We need not restate the facts of the case at bar in order to illustrate the difference other than to observe that appellant here admitted that she had borne ill will toward the deceased for some time. We are aware of no authority holding that the theft of a husband's affections serves to nullify malice as a matter of law.

Appellant's last complaint relates to alleged jury misconduct which necessarily occurred within the jury room. The sole affidavit attached to the motion for new trial was made by appellant's attorney as to the sending of a note by the jury to the court and his refusal to answer the same. Such affadavit would not require the court to hold a hearing in order to determine what occurred inside the jury room. Hicks v. State, 158 Tex. Cr. Rep. 45, 251 S.W. 2d 409; McCune v. State, 156 Tex. Cr. Rep. 207, 240 S.W. 2d 305; and Kizzee v. State, 166 Tex. Cr. Rep. 29, 312 S.W. 2d 661.

We also call attention to the relatively recent case of De La Rosa v. State, 167 Tex. Cr. Rep. 28, 317 S.W. 2d 544, in which we held that it was not every mention of parole which calls for a reversal. See also Salcido v. State, 167 Tex. Cr. Rep. 173, 319 S.W. 2d 329.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.