Edgar Earl JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 43355.

Court of Criminal Appeals of Texas.

Dec. 31, 1970.

Rehearing Denied Feb. 17, 1971.

Clayton E. Evans, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, John Garrett Hill and Joe C. Spurlock, II, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a conviction for rape where the punishment assessed by the jury was 50 years.

The sufficiency of the evidence is not challenged. Suffice it to say the State's

evidence reflects that while the prosecutrix and her boyfriend were in Benbrook Park in Tarrant County in the early morning hours of July 6, 1969, they were attacked and robbed by the appellant and two other Negro men. The prosecutrix identified the appellant as the man who removed her clothing and raped her.

▮ Initially, the appellant complains of the introduction of a photograph which he claims did not serve to solve any dispute issue, and which tended to prejudice and inflame the minds of the jurors.

Dr. Welch, who made a physical examination of the prosecutrix an hour or so after the alleged offense, identified the photograph as a substantial portrayal of the prosecutrix as she appeared at the hospital at the time in question. The photograph is in black and white and shows the prosecutrix, who is apparently standing and fully clothed, with her hair disheveled. The exhibit was apparently offered to show the bruises and marks on the prosecutrix's face.

The case was submitted to the jury as "rape by force and threats." While the appellant offered no evidence he attempted to show by cross-examination that the sperm found in the prosecutrix's vagina was that of her boyfriend and that if the appellant did have sexual intercourse with the prosecutrix it was not by force, particularly in view of the untorn and undamaged condition of her dress and underclothing.

First, it would appear that Hart v. State, 447 S.W.2d 944, and cases there cited have been decided contrary to appellant's contention that the photograph of the victim of the crime taken shortly after the alleged offense at a hospital is inadmissible. Even if the photograph had been gruesome in nature, which it is not, it still would have been admissible since it tended to shed light on a disputed fact issue. Pait v. State, Tex.Cr.App., 433 S.W.2d 702 and cases there cited. See also Burns v. Beto, 371 F.2d 598, 5th Cir.

Ground of error #1 is overruled.

Next, appellant complains the court erred in denying the motion for new trial since the jury received other testimony in violation of Article 40.03, Sec. 7, Vernon's Ann.C.C.P., after they retired to deliberate on punishment.

In its charge at the penalty stage of the trial the court instructed the jury "not to consider or discuss the indeterminate sentence law or the possible actions of the Board of Pardons and Paroles or how long this defendant will be required to serve the punishment which you assess."

Mrs. Anna Boehm was the only juror to testify at the hearing on the motion for new trial. She related she suggested to the other jurors that she would "go along with ten years" and some unidentified juror stated, "They would laugh at us and he would get out in one year." Mrs. Boehm testified the statement was made with some assurance, but she "didn't give it any more credence." It doesn't appear that the statement was further discussed nor that such juror professed to know the law. Subsequently another unidentified juror, who did profess to know the law, mentioned a formula for parole, but Mrs. Boehm could not remember what was actually said or whether such formula was ever applied to the 50 year punishment finally assessed. She did recall having admonished the others not to discuss parole. At just what point she made such admonishment is not clear from the record, but she related that parole, which was mentioned three or four times during deliberations, was only mentioned once thereafter.

In Taylor v. State, Tex.Cr.App., 420 S.W.2d 601, this court said:

"It is a matter of common knowledge that from time to time inmates of the Texas Department of Corrections are released on parole, Torres v. State, 169 Tex.Cr.R. 113, 331 S.W.2d 929; Walker v. State, [150] Tex.Cr.[R. 421], 201 S.W.2d 823, and it is not every mention of

parole which calls for a reversal. Henderson v. State, 169 Tex.Cr.R. 206, 332 S.W.2d 705; De La Rosa v. State, 167 Tex.Cr.R. 28, 317 S.W.2d 544."

Actually, appellant relies upon two separate instances of alleged jury misconduct. Certainly the statement of the first unidentified juror that appellant would get out in a year if assessed a penalty of ten years was a misstatement of the parole law. See Article 42.12, Sec. 15, V. A.C.C.P., and Article 6184*l*, Vernon's Ann.Civ.St. However, not every misstatement of the parole law or other improper comment during jury deliberations calls for reversal. This court has held that when such a remark, although erroneous and improper, is made by a juror who does not profess to know the law and it is not discussed further by the jurors and is not believed or relied on by any juror, the mere making of the remark does not constitute reversible error. Bertsch v. State, Tex. Cr.App., 379 S.W.2d 657, cert. den. 379 U. S. 975, 85 S.Ct. 673, 13 L.Ed.2d 566. For this reason the first instance does not present reversible error.

The other unidentified juror did profess to know the law when he stated a formula for parole. There was no showing, however, that the formula mentioned or discussed was a misstatement of the law. A discussion of parole by a jury will not constitute reversible error, even where it is shown that one or more jurors changed his or their votes as a result thereof, unless it be shown that the statement was a misstatement of the law. Johnson v. State, Tex.Cr.App., 418 S.W.2d 834; De La Rosa v. State, 167 Tex.Cr.R. 28, 317 S.W.2d 544. See also Edwards v. State, Tex.Cr.App., 427 S.W.2d 629. As far as this record shows the formula mentioned may have been a correct statement of the law. It also appears that about this time Mrs. Boehm admonished the other jurors not to discuss parole.

We do not think the record supports appellant's claim that the formula mentioned influenced Mrs. Boehm to believe that if appellant was assessed 50 years he would not be eligible for parole for at least ten years. Nevertheless, the State argues that even if it did so influence her, the fact remains that appellant could under the law become eligible for parole in ten years.

The cases relied upon by appellant are clearly distinguishable from the case at bar.

The court did not err in overruling the motion for new trial.

Finding no reversible error, the judgment is affirmed.

MORRISON, Judge (dissenting).

Juror Boehm testified that she favored a 10-year penalty and that when she suggested the same, some member of the jury panel said that if the jury assessed such a verdict that "they" would laugh at us and he would get out in a year. It was only after this was said in the jury room that she changed her vote to the fifty-year verdict which was returned. The State called no other juror to rebut the testimony of Juror Boehm. In Rogers v. State, 158 Tex.Cr.R. 8, 252 S.W.2d 465, we said, "Since this testimony as to what occurred in the jury room was not controverted, no issue of fact was raised for the trial court's determination." Mays v. State, 167 Tex.Cr.R. 339, 320 S.W.2d 13, authorizes the reversal of this contention on the ground of jury misconduct. I respectfully dissent.